UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LAURENCE HOUGHTON, ) | | |
|   a/k/a Lawrence Houghton ) | | |
| ) | | |
|   Plaintiff, ) | | Civil No. 6: 16-10-DLB |
| ) | | |
| V. ) | | |
| ) | | |
| EARL HEART, et al., ) | | **MEMORANDUM OPINION** |
| ) | | **AND ORDER** |
|   Defendants. ) | | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Laurence Houghton is an inmate confined at the United States Penitentiary in Tucson, Arizona. Proceeding without counsel, Houghton has filed suit against Earl Heart and three other unidentified inmates confined in the Special Management Unit of the United States Penitentiary in Lewisburg, Pennsylvania. (Doc. #1) Houghton has also filed a motion for a third party subpoena (Doc. #2) and a motion to proceed *in forma pauperis* (Doc. #3).

The Court has reviewed Houghton's fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because he has been granted *pauper* status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court conducts a preliminary review of Houghton's complaint because he has been granted permission to pay the filing fee in installments. 28 U.S.C. § 1915(e)(2). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

1

defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of a complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Houghton alleges that he was transferred to the United States Penitentiary – McCreary in Pine Knot, Kentucky on July 10, 2014. Upon his arrival, Bureau of Prisons officer Mabe conducted an intake interview, at which time Houghton alleges that Mabe became confrontational. Houghton implies that Officer Mabe told other inmates in his unit that Houghton was a child molester. While Houghton told the inmates that this allegation was false, on August 22, 2014, he was attacked by inmates who were members of the Aryan Brotherhood gang with homemade knives. Houghton was hospitalized with multiple lacerations, and was subsequently transferred to another prison. Houghton has sued for physical and emotional injury. (Doc. #1, pp. 8-12)

Houghton has named inmate Earl Heart as one defendant in this action, and three other unidentified inmates as the remaining defendants. Houghton alleges that each is, to the best of his knowledge, incarcerated in the SMU in Lewisburg, Pennsylvania. (Doc. #1, p. 2) He has filed a separate motion seeking a third party subpoena directed to the BOP to discover the names and places of incarceration of his attackers. (Doc. #2) Houghton does not expressly identify the legal basis for his claims against the inmates, but his complaint is captioned as one for "Personal Injury Tort," and he invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] (Doc. #1, pp.

---

[1] Houghton also asserts that 28 U.S.C. § 1331 and 28 U.S.C. § 5001 provide a basis for jurisdiction. (Doc. #1, pp. 3, 4) But the former statute does not apply as Houghton states no

1, 3)  Further, in a prior action arising out of the same events, Houghton characterized his claims as assault and battery under Kentucky law.  *Houghton v. Heart*, No. 15-92-GFVT-EBA (E.D. Ky. 2015) (hereinafter *Houghton II*) (Doc. #1 therein, p. 4).

Houghton readily acknowledges that he filed two prior lawsuits arising out of this attack.  (Doc. #1, pp. 4-5)  In the first, he sued the United States under the Federal Tort Claims Act for the asserted failure of prison officials to protect him from the attack and to provide adequate medical care.  *Houghton v. United States*, No. 15-90-DCR (E.D. Ky. 2015) (hereinafter *Houghton I*).  That case remains pending.

In the second, Houghton sued inmate Heart and his unknown attackers for assault and battery under Kentucky law, the same claims he asserts here.  Shortly after that case was filed, on June 12, 2015, the Court denied Houghton's motion to proceed *in forma pauperis* because he did not include a certificate of inmate account, and directed him to file a renewed fee motion.  Houghton now indicates that he "did not immediately file the IFP" in *Houghton II* "[d]ue to financial concerns, about paying concurrent, fees …"  (Doc. #1, p. 6)  When Houghton failed to respond to the Court's Order to file a renewed fee motion, on June 29, 2015, a magistrate judge recommended dismissal of the case for failure to prosecute.  Houghton filed no objections to the report, and the Court dismissed the case on July 21, 2015.  On August 3, 2015, Houghton filed a motion requesting a ninety-day extension of time to comply with the order to file a renewed fee motion, stating that he had been put in the special housing unit and lacked

---

claim arising under federal law, and the latter statute is merely a choice of law provision – it does not create any cause of action or provide an independent basis for jurisdiction.

stamps or paper. However, more than six months passed and Houghton has still taken no further action in that case. His motion remains pending. *Houghton II.*

A portion of Houghton's complaint and the entirety of an attached memorandum of law are dedicated to arguing that his complaint in this case is timely filed because the running of the statute of limitations should be equitably tolled. (Doc. #1, pp. 5-7; Doc #1-1, pp. 1-6) Absent tolling, the statute of limitations expired on August 22, 2015, one year after the assault. Ky. Rev. Stat. 413.140(1)(a); *Runyon v. Bell*, 2006 WL 1046214, at *2 (Ky. App. Mar. 31, 2006) (noting that claim predicated upon assault will generally accrue immediately).

Houghton's complaint was filed nearly five months later, and is therefore time-barred unless equitable tolling applies. Houghton makes two related arguments in this regard. First, he argues that *Houghton II* should not have been dismissed for failure to prosecute when he failed to either pay the filing fee or file any objection to the magistrate judge's recommendation for dismissal. (Doc. #1-1, pp. 3-4) Houghton states that on June 30, 2015, another inmate attacked him and that both were placed in segregation pending an investigation. When in segregation, he did not have access to his legal materials or to the Court's address, and implies that he was therefore unable to comply with the orders entered in *Houghton II*. He further indicates that he did not receive either the magistrate's recommendation or the Court's order dismissing the case until after he was released from segregation. (Doc. #1, pp. 6-7) Second, Houghton contends that equitable tolling is appropriate because he was diligently pursuing his rights by re-filing this lawsuit. (Doc. #1, pp. 6-7; Doc. #1-1, pp. 4-5)

4

Because Houghton has invoked this Court's diversity jurisdiction, the availability of equitable tolling is governed by Kentucky, not federal, law. *Chandler v. Wackenhut Corp.*, 465 F. App'x 425, 430-32 (6th Cir. 2012). In addition, federal courts and Kentucky courts alike apply different equitable tolling rules for criminal and post-conviction matters on the one hand and civil cases on the other. Cf. *Willis v. Willis*, 361 S.W.3d 341, 343 (Ky. App. 2012); *Runyon*, 2006 WL 1046214, at *2. The cases cited by Houghton (Doc. #1-1, p. 5) are therefore inapposite. In civil cases, Kentucky permits equitable tolling where the party has exercised due diligence, but circumstances beyond the party's control cause a complaint to be filed beyond the limitations period, causing clear prejudice to the plaintiff. Cf. *Nanny v. Smith*, 260 S.W.3d 815, 818 (Ky. 2008) (citing *Robertson v. Commonwealth*, 177 S.W.3d 789 (Ky. 2005)); see also *Hagy v. Allen*, 153 F. Supp. 302 (E.D. Ky. 1957).

However, there is no basis to permit equitable tolling here. Houghton indicates that his June 2015 placement in segregation prevented him from complying with the Court's orders in *Houghton II*. While those facts might provide him with grounds to seek relief from the dismissal of that case, they do not explain or justify the filing of an untimely complaint in this one. This is particularly so where Houghton timely filed his complaint in *Houghton II* in May 2015. The events Houghton describes may (or may not) explain or justify why he was unable to respond to the Court's orders in *Houghton II*, resulting in its dismissal, but they did not result in the tolling of the limitations period to assert claims upon which Houghton had already filed suit. Thus, Houghton's arguments directed towards the propriety of the dismissal of *Houghton II*, (Doc. #1-1,

pp. 3-4), should have been raised in a motion under Rule 60(b) filed in that case, not by filing a new complaint in this one.

Because Houghton's claims are time-barred under Ky. Rev. Stat. 413.140(1)(a), the Court must dismiss them. Ordinarily, the Court would dismiss the claims with prejudice because they are time-barred. However, in this circumstance Houghton may still seek relief from the dismissal of *Houghton II*, where he timely filed the same claims at issue in this case. The Court will therefore dismiss them without prejudice in order to avoid any unintended preclusive effect upon the claims asserted in that case. Accordingly,

**IT IS ORDERED** that:

1. Houghton's motion to pay the filing fee in installments (Doc. #3) is **GRANTED**. Section 1915(b)(1), (2) require a prisoner to pay the $350.00 filing fee as set forth below.

2. Within 28 days, Houghton must pay **$185.85** to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A).

3. The Clerk of the Court shall open an account in Houghton's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Houghton's name, (b) his inmate registration number, and (c) this case number. The Clerk shall send a copy of this Order and the Notice of Payment Form to the warden of the institution in which Houghton is currently confined.

4. After the initial partial filing fee is paid, each month Houghton's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in

the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

     5.     Houghton's complaint (Doc. #1) is **DISMISSED WITHOUT PREJUDICE**.

     6.     Houghton's motion for third party subpoenas (Doc. #2) is **DENIED AS MOOT**.

     7.     The Court will issue an appropriate judgment.

     8.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 22nd day of January, 2016.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\ORDERS\London\2016\Houghton 16-10-DLB Memorandum RBW.wpd